# O. B. Hamilton, Appellant, v. People of the State of Illinois, Appellee.

1. PLEADING—*when granting leave to demur discretionary.*   If an answer has been filed it is discretionary with the court whether it will permit such answer to be withdrawn and a demurrer interposed.

2. CONTEMPT—*when failure to return papers to clerk not.*   Where a copy of an order requiring an attorney to return certain papers to the clerk of the court instanter is served between eight and nine o'clock in the evening and no notice is given that the clerk's office would be open during that evening to receive such papers, delivery thereof in the morning following at the opening of the clerk's office is a compliance with the order.

Appeal from the County Court of Jersey county; the HON. H. P. NOBLE, Judge, presiding.   Heard in this court at the November term, 1910.   Reversed.   Opinion filed October 14, 1911.

GEORGE W. HERDMANN, and PAUL M. HAMILTON, for appellant.

W. J. CHAPMAN, for appellee.

MR. PRESIDING JUSTICE PHILBRICK delivered the opinion of the court.

This is a proceeding against O. B. Hamilton, attorney at law, of Jersey county, for alleged contempt of the County Court of that county.   The court found him guilty on hearing and imposed a fine.

A petition had been filed in the Jersey County Court seeking the appointment of a conservator for one Lucinda Cope; that trial resulted in a judgment directing the appointment of a conservator, from which judgment Lucinda Cope prayed an appeal to the Circuit Court and filed a bond as required by order of the County Court. A transcript of the proceedings in that matter was then made by the clerk of the County Court for the purpose of filing same in the Circuit Court as required by law.   After making this transcript it, together with the original files in the matter of the conservatorship, were delivered to appellant as attorney for Lucinda

Cope. Appellant took them to his own law office. This was on the afternoon of the sixteenth of September, which was the last day in which the transcript could be filed in the Circuit Court and perfect this appeal, in order to give the Circuit Court jurisdiction at the following term to which the appeal was prosecuted.

Instead of filing the transcript in the Circuit Court on that day, appellant left these papers in his office and they were locked in the office safe by his law partner upon the closing of their office that evening. At six o'clock p. m. on the sixteenth, the clerk of the County Court called appellant over the telephone and made demand upon him that he return the transcript together with the original files in the conservatorship, to his office at once; they were not so returned by appellant. After this demand was made and the failure to return them as demanded, the clerk filed a petition in the County Court setting forth these facts and requesting an order of the court against appellant requiring him to return the papers to the office of the clerk of that court. Appellant had no notice of the filing of this petition, but the County Court proceeded to hear the petition and ordered a citation issued directing appellant to return the papers to the office of the county clerk instanter. The first notice that appellant had of the entering of this order or the issuing of the citation was when a copy of the same was served upon him between eight and nine o'clock on the evening of the sixteenth of September. He did not return the papers on the sixteenth, but did return them to the office of the clerk upon the opening of the clerk's office on the morning of the seventeenth of September. It was then too late to file the transcript in the office of the Circuit clerk and give the Circuit Court jurisdiction of the cause at the following term of that court.

At ten o'clock on the morning of the seventeenth of September, after the papers had been returned to the

office of the county clerk, an attachment was issued by the County Court of Jersey county commanding the arrest of appellant, upon which he was brought into court by the sheriff and a rule entered against him requiring him to show cause why he should not be adjudged to be in contempt of court for failure to obey the order of the court in the citation issued against him which required him to return the pleas and transcript instanter. Under direction of the County Court, interrogatories were filed by the state's attorney, which were answered by appellant. These answers set forth that the papers were taken to the office of appellant and were locked in the safe in appellant's office, that appellant did not know the combination to the safe, that it was only known to appellant's law partner, that demand was made upon him by the clerk for the return of these papers after six o'clock p. m. on September sixteenth, that the citation was served upon him between eight and nine o'clock p. m. of that day, that he returned the papers under said order to the clerk of the County Court on the morning of the seventeenth, and alleged full compliance with the order and asked for his discharge. The matter was continued until September twenty-first and on that day the court heard and determined the sufficiency of appellant's answer, found the answer insufficient, that it did not purge him of the contempt, found him guilty and sentenced him to pay a fine of $25 and stand committed to the county jail until fine and costs were paid.

After appellant had filed his answer to the interrogatories filed at the direction of the court, he asked leave to withdraw his answer and for leave to demur to the orginal petition.

The court denied this leave and this is assigned as error. Appellant having filed his answers to the interrogatories and presented his defense to the County Court it was then discretionary with that court whether

it would permit him to withdraw the answers and demur to the petition, and, being discretionary with that court, the denial of the leave cannot be assigned as error.

Numerous other questions are raised upon this record, but in the conclusions of this court it is only necessary to determine whether appellant failed to obey the order of the court directing him to return these papers instanter. Unless there was failure to obey this order within its legal requirements then appellant is not guilty of contempt. In order to determine this question it is necessary to determine at what time the order of the County Court required appellant to return these papers and what is the effect of the word "instanter," when used in practice by courts of this state. In its general signification and meaning the word instanter means at once, or immediately, and is so defined by lexicographers, but in the practice of the courts of law the word instanter is almost universally construed to mean during the day or session of the court at which the order is made. Where an order is entered by the court to file a plea or other pleading in a cause instanter it means before the usual time of the adjournment of that court at that session. Where an order made by the court does not refer to or relate to the pleadings in a cause of action in that court but relates to the performance of some act with the clerk of said court, and requires that act to be done instanter, the proper meaning and signification of the word instanter then is before the closing of the office of the clerk on the day in which the order is entered. Some courts have even gone so far as to hold that the word instanter in practice means within twenty-four hours. Rex v. Johnson, 6 East, 583; Chaplin v. Chaplin, 2 Edw. Chancery (N. Y.) 328-9; Smith v. Little, 53 Ill. App. (3rd. Dist.) 157; Northrop v. McGee, 20 Ill. App. 108-10.

In Words and Phrases under "Instanter," Vol. 4,

page 3659, where an order to be performed instanter is made after the usual hour of adjournment of court or after the usual hour of closing of the clerk's office, performance of the order by the convening time of the court or the usual opening of the clerk's office on the following day is a compliance under the order.

It is neither customary nor usual for the office of the county clerk to be open at all times for the transaction of business, the usual and customary method being to keep the office open during the general business hours of the day. It is unnecessary for the determination of this cause to take into consideration why or for what reason the papers were requested to be returned by the clerk of that court, and the fact that the clerk made demand upon appellant has no bearing upon the question of the contempt of court. The copy of the order and citation having been served upon appellant by the sheriff between eight and nine o'clock of the evening of the sixteenth of September, there can be no presumption that either the office of the clerk was then open or that appellant could obtain access to said office after that time. The copy of the order did not give appellant any information that the clerk's office would be open or that the clerk would be there to receive said papers at that unusual time. The citation ordered appellant to return the papers to the office of the county clerk instanter. It was served upon him between eight and nine o'clock on the evening of the sixteenth; the return of the papers to that office by him upon the opening of the clerk's office on the morning of the seventeenth was full and complete compliance with the order. Appellant, therefore, was not guilty of disobeying the order of the court, and there being no other evidence and no contradiction of the answers set forth in appellant's answer, his answer fully purges him of the charge of contempt.

The judgment of the County Court is reversed.

*Reversed.*