# ILLINOIS OFFICIAL REPORTS

## Appellate Court

---

**Bank of America, N.A. v. Land, 2013 IL App (5th) 120283**

---

| | |
|---|---|
| Appellate Court Caption | BANK OF AMERICA, N.A., as Successor by Merger to BAC Home Loans Servicing, LP, f/k/a Countrywide Home Loans Servicing, LP, Plaintiff-Appellee, v. GEORGE M. LAND, EUNICE F. LAND, and Unknown Owners and Nonrecord Claimants, Defendants-Appellants. |
| District & No. | Fifth District<br>Docket No. 5-12-0283 |
| Rule 23 Order filed<br>Motion to publish<br>granted<br>Opinion filed | June 24, 2013<br><br>July 31, 2013<br>July 31, 2013 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | In a mortgage foreclosure action, the entry of summary judgment for plaintiff mortgagee, including a judgment for foreclosure and sale and an award of attorney fees and costs, was affirmed, notwithstanding defendants' contentions that a question of material fact existed as to the balance of their loan, that the denial of their last-minute pleadings was an abuse of discretion and that the fees and costs were improperly awarded, since defendants did not present a counteraffidavit challenging plaintiff's affidavit as to the loan balance, there was no prejudice where the trial court considered arguments on defendants' last-minute claims before rejecting them, and defendants' objection to the award of attorney fees and costs was waived. |
| Decision Under Review | Appeal from the Circuit Court of Johnson County, No. 11-CH-21; the Hon. James R. Williamson, Judge, presiding. |

| | |
|---|---|
| Judgment | Affirmed. |
| Counsel on Appeal | Alfred E. Sanders, Jr., of Sanders & Associates, of Marion, for appellants.<br><br>Louis J. Manetti, Jr., of Codilis & Associates, P.C., of Burr Ridge, for appellee. |
| Panel | JUSTICE WEXSTTEN delivered the judgment of the court, with opinion.<br>Presiding Justice Spomer and Justice Stewart concurred in the judgment and opinion. |

**OPINION**

¶ 1                                    FACTS

¶ 2      In July 2011, the plaintiff, Bank of America, N.A. (BOA), commenced a foreclosure action against the defendants, George and Eunice Land (the Lands), in the circuit court of Johnson County. BOA's complaint for foreclosure alleged that in June 2007, the Lands and one of its predecessors in interest had entered into a mortgage agreement through which the Lands had been loaned $125,000 to finance their purchase of real estate commonly known as 4715 Lick Creek Road, Buncombe, Illinois. The complaint further alleged that the Lands had not paid a monthly mortgage installment since August 2010 and that the outstanding principal on their loan was approximately $121,000.

¶ 3      In October 2011, after unsuccessfully moving to dismiss BOA's complaint for foreclosure, the Lands filed an answer with affirmative defenses and counterclaims. In November 2011, BOA filed a motion to strike the affirmative defenses and counterclaims. In March 2012, the circuit court entered a modified order striking the Lands' affirmative defenses without prejudice and dismissing their counterclaims without prejudice. Three weeks later, BOA filed a motion for summary judgment pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2010)). The cause proceeded to a hearing on BOA's motion for summary judgment in June 2012.

¶ 4      On the day of the hearing on BOA's motion for summary judgment, the Lands filed a response to the motion and a motion for leave to amend their answer with affirmative defenses and counterclaims. At the commencement of the hearing, BOA objected to the untimely filing of the Lands' response and motion for leave to amend, and the circuit court entertained arguments on the matter. Suggesting that the pleadings should have been filed

"before walking in the courtroom" on the day of the scheduled hearing, the court ultimately struck the Lands' response to BOA's motion for summary judgment and denied their motion for leave to amend their answer with affirmative defenses and counterclaims. The court nevertheless allowed the Lands to file an affidavit in which they attested to having made a $489.80 payment on the loan in September 2009. See 735 ILCS 5/2-1005(c) (West 2010) (providing that a party in opposition to a motion for summary judgment "may prior to or at the time of the hearing on the motion file counteraffidavits").

¶ 5        In support of its motion for summary judgment, BOA submitted an affidavit from Jennifer Lynn Cherks, an assistant vice president of BOA. The affidavit included a record of all payments that the Lands had made on the aforementioned mortgage and stated the total "amount of the default" as of December 23, 2011. In response, the Lands objected to the admission of Cherks' affidavit, arguing, *inter alia*, that it included information that preceded BOA's acquisition of the loan.

¶ 6        At the conclusion of the hearing, the circuit court granted BOA's motion for summary judgment. The court subsequently entered a written judgment for foreclosure and sale and awarded BOA $3,654 in attorney fees and costs. The judgment included an express written finding that it was a final and appealable order and that there was "no just cause for delaying the enforcement of [the] judgment or appeal therefrom." See Ill. S. Ct. R. 304(a) (eff. Feb. 26, 2010). The Lands subsequently filed a notice of appeal, which noted that it was timely filed "pursuant to Supreme Court Rule[s] 303 and 304."

¶ 7                                          DISCUSSION

¶ 8        On appeal, the Lands argue that the circuit court erred in (1) granting BOA's motion for summary judgment, (2) striking their response to the motion and denying their motion for leave to amend their answer, and (3) awarding BOA attorney fees and costs. We will address each contention in turn.

¶ 9                          BOA's Motion for Summary Judgment

¶ 10        Because summary judgment is a drastic means of disposing of litigation, it should only be used where the pleadings and other evidentiary material in the record, when viewed in a light most favorable to the nonmoving party, demonstrate that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law. *Sardiga v. Northern Trust Co.*, 409 Ill. App. 3d 56, 61 (2011). "The purpose of summary judgment is not to try a question of fact but to determine whether one exists." *Tannehill v. Costello*, 401 Ill. App. 3d 39, 42 (2010). We review the circuit court's granting of summary judgment *de novo*. *Id.* at 41.

¶ 11        The Lands maintain that Cherks' affidavit was insufficient to support BOA's motion for summary judgment. Noting that other entities had assumed their mortgage prior to BOA, the Lands suggest that Cherks' purported testimony "as to records kept by another company" would be inadmissible hearsay if offered at trial. The Lands thus suggest that Cherks' affidavit did not sufficiently demonstrate that BOA was entitled to judgment as a matter of law. See *Skipper Marine Electronics, Inc. v. United Parcel Service, Inc.*, 210 Ill. App. 3d

231, 236 (1991) ("An affidavit in support of a motion for summary judgment is actually a substitute for testimony taken in open court and should meet the same requirements as competent testimony."); *Loveland v. City of Lewistown*, 84 Ill. App. 3d 190, 192-93 (1980) ("It is true that if the evidence is not admissible at trial, it would not be admissible in an affidavit accompanying a motion for summary judgment."). We disagree.

¶ 12        Illinois Supreme Court Rule 236, which codifies the business-records exception to the hearsay rule, provides as follows:

"Any writing or record, whether in the form of any entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence, or event, shall be admissible as evidence of the act, transaction, occurrence, or event, if made in the regular course of any business, and if it was the regular course of the business to make such a memorandum or record at the time of such an act, transaction, occurrence, or event or within a reasonable time thereafter. All other circumstances of the making of the writing or record, including lack of personal knowledge by the entrant or maker, may be shown to affect its weight, but shall not affect its admissibility. The term 'business,' as used in this rule, includes business, profession, occupation, and calling of every kind." Ill. S. Ct. R. 236(a) (eff. Aug. 1, 1992).

Notably, "Rule 236 expressly provides that lack of personal knowledge by the maker may affect the weight of the evidence but not its admissibility." *In re Estate of Weiland*, 338 Ill. App. 3d 585, 601 (2003).

¶ 13                "The theory upon which entries made in the regular course of business are admissible as an exception to the hearsay rule is that 'since their purpose is to aid in the proper transaction of the business and they are useless for that purpose unless accurate, the motive for following a routine of accuracy is great and the motive to falsify nonexistent.' " *Kimble v. Earle M. Jorgenson Co.*, 358 Ill. App. 3d 400, 414 (2005) (quoting Michael H. Graham, Cleary and Graham's Handbook of Illinois Evidence § 803.10, at 817 (7th ed. 1999)).

"Thus, it makes no difference whether the records are those of a party or of a third person authorized by the business to generate the record on the business's behalf." *Id.* A party may therefore establish a foundation for admitting business records through the testimony of a records custodian or "another person familiar with the business and its mode of operation." *In re Estate of Weiland*, 338 Ill. App. 3d at 600. The admission of business records is reviewed for an abuse of discretion. *Id.*

¶ 14        Here, in her affidavit, Cherks attested that she was personally familiar with BOA's procedures for creating and maintaining its business records and that its records pertaining to the Lands' mortgage were "made at or near the time of the occurrence of the matters set forth therein by persons with personal knowledge of the information in the business record." She further attested that the records were kept in the course of BOA's regularly conducted business activities and that it was BOA's regular practice to make and keep such records. Cherks' affidavit was thus admissible pursuant to Rule 236 and provided a sufficient basis upon which to conclude that BOA was entitled to judgment as a matter of law. See *Independent Trust Corp. v. Hurwick*, 351 Ill. App. 3d 941, 950 (2004) (business records

offered in support of motion for summary judgment properly considered where affidavits established that the records were made in the regular course of business and that it was the regular course of business to prepare such records); *Farm Credit Bank of St. Louis v. Biethman*, 262 Ill. App. 3d 614, 622 (1994) (trust deed and promissory note established *prima facie* case of foreclosure); *Miller v. Swanson*, 66 Ill. App. 2d 179, 185 (1965) (promissory notes, trust deed, and "proof of default in the performance of their terms" established right of recovery and foreclosure); see also 735 ILCS 5/15-1506(a)(2) (West 2010) ("[W]here all the allegations of fact in the complaint have been proved by verification of the complaint or affidavit, the court upon motion supported by an affidavit stating the amount which is due the mortgagee, shall enter a judgment of foreclosure as requested in the complaint.").

¶ 15    The Lands also argue that granting BOA's motion for summary judgment was improper because there remains a question of material fact as to the balance of their loan, which Cherks' affidavit stated was $139,620.95, as of December 23, 2011. Noting that in 2009 and 2010, they made a series of $489.80 payments pursuant to a loan-modification agreement with BOA, the Lands maintain that the modified payments were not timely applied to the principal of their loan and that the accrued interest on the loan was thus improperly calculated. They further suggest that the private mortgage insurance (PMI) on the loan might have somehow "served to reduce" the total amount owed. At the hearing on BOA's motion for summary judgment, these claims were addressed, and the circuit court implicitly rejected them.

¶ 16    The loan-modification agreement stated that the Lands' $489.80 payments would be held "in a non-interest bearing account until they total an amount that is enough to pay [the] oldest delinquent monthly payment on [the] loan in full." At the hearing on BOA's motion for summary judgment, the Lands complained that when their modified payments totaled a delinquent payment amount, the payments had not been immediately applied to the principal, noting that it took 19 days in one instance and 15 days in another. As BOA notes, however, the modification agreement did not "place a timeline on when [the lender] needed to apply the payments from the suspense account," and in all instances, the payments were applied to the loan as agreed. In the absence of a specific timeline, a reasonable time is implied (*The Prime Group, Inc. v. Northern Trust Co.*, 215 Ill. App. 3d 1065, 1070 (1991)), and in any event, "facts contained in an affidavit in support of a motion for summary judgment which are not contradicted by counteraffidavit are admitted and must be taken as true for purposes of the motion" (*Purtill v. Hess*, 111 Ill. 2d 229, 241 (1986); see also *Bloomingdale State Bank v. Woodland Sales Co.*, 186 Ill. App. 3d 227, 234 (1989) (defendant's counterclaim properly dismissed where supporting affidavit did not contain "new evidence or facts" and "only purported to state that the [b]ank [had] breached the standard of care of the industry based on the other facts which were presented before the court")).

¶ 17    Here, the Lands did not submit a counteraffidavit contradicting BOA's affidavit regarding the balance of the loan, and under the circumstances, the circuit court rightfully relied on BOA's calculations when entering summary judgment. See *In re Marriage of Palacios*, 275 Ill. App. 3d 561, 568 (1995) ("The mere suggestion that a genuine issue of material fact exists without supporting documentation does not create an issue of material

fact precluding summary judgment."). With respect to the Lands' claim that the PMI might have somehow reduced the balance of their loan, we agree with BOA's assessment that this argument amounts to theoretical speculation that the Lands have no standing to make. "PMI protects the mortgage lender in the event the mortgage borrower defaults" (*Perez v. Citicorp Mortgage, Inc.*, 301 Ill. App. 3d 413, 415 (1998)), and a third party cannot claim rights under a contract unless "the contract was entered into for the party's direct benefit" (*Alaniz v. Schal Associates*, 175 Ill. App. 3d 310, 312 (1988)).

¶ 18        Here, the Lands' mortgage agreement required them to pay the premiums for the PMI, but the agreement specifically stated that they were "not a party" to the insurance. The Lands therefore lack standing to raise a claim with respect to the PMI. We also note that at the hearing on BOA's motion for summary judgment, BOA maintained that it could not even "make a claim on [the] PMI until there [was] actually a [j]udgment for [f]oreclosure and a sale [of the property]."

¶ 19                                The Lands' Last-Minute Pleadings

¶ 20        As noted above, on the day of the hearing on BOA's motion for summary judgment, the Lands filed a response to the motion and a motion for leave to amend their answer with affirmative defenses and counterclaims. Suggesting that the pleadings were untimely brought, the circuit court struck the former and denied the latter. The Lands assert that the circuit court abused its discretion in this regard. We disagree.

¶ 21        The right to amend pleadings is not absolute or unlimited, and the circuit court's decision to grant or deny that right will not be disturbed absent an abuse of discretion. *Resolution Trust Corp. v. Holtzman*, 248 Ill. App. 3d 105, 110 (1993). When deciding whether to allow a party to amend its pleadings, the circuit court can consider the timeliness of the request, the party's previous opportunities to assert its claims, and the ultimate efficacy of the claims. *Id.* at 111. "In determining whether the court's discretion has been abused, the central concern is whether the court's decision furthers the ends of justice." *Shaifer v. Folino*, 272 Ill. App. 3d 709, 720 (1995). Whether to allow a party to file a late response to a motion for summary judgment is also a matter within the circuit court's discretion. *Premier Electrical Construction Co. v. Morse/Diesel, Inc.*, 257 Ill. App. 3d 445, 454 (1993).

¶ 22        Here, the Lands filed their answer with affirmative defenses and counterclaims in October 2011, and their alleged defenses and counterclaims sounded in fraud, breach of contract, and lack of standing. In November 2011, BOA filed a motion to strike the defendant's affirmative defenses and counterclaims, maintaining that they were either inapplicable or insufficiently pled. In January 2012, the circuit court entered an order striking the Lands' affirmative defenses with prejudice and dismissing their counterclaims without prejudice. In March 2012, on the Lands' motion, the circuit court entered a modified order striking the affirmative defenses without prejudice and dismissing the counterclaims without prejudice. Three weeks later, BOA filed its motion for summary judgment.

¶ 23        In June 2012, on the day of the hearing on BOA's motion for summary judgment, the Lands tendered their motion for leave to amend their answer with affirmative defenses and counterclaims. The motion for leave suggested that BOA lacked standing to bring its

forfeiture action and that the Lands had been "misled" with respect to the application of their modified loan payments. Along with their motion for leave to amend, the Lands also filed their response to BOA's motion for summary judgment. The Lands' response alleged that Cherks' affidavit was insufficient to support BOA's motion for summary judgment and that the PMI payments and untimely application of their modified loan payments raised a question of material fact as to the balance of the loan. The response contained an affidavit in which the Lands attested to having made a $489.80 payment on the loan in September 2009.

¶ 24   The circuit court has the discretion to manage its docket to ensure that there is no undue delay in the resolution of the proceedings before it (*Scentura Creations, Inc. v. Long*, 325 Ill. App. 3d 62, 73 (2001)), and here, the circuit court did not abuse its discretion in denying the Lands' motion for leave to amend their answer and striking their response to BOA's motion for summary judgment. The Lands' contention that BOA lacked standing was previously resolved against them when the circuit court denied their motion to dismiss BOA's complaint for foreclosure upon proof that BOA had assumed the Lands' mortgage as a holder in due course. The Lands' assertion that they were somehow "misled" was a mere conclusion, and their motion for leave to amend did not reference or reiterate the allegations of fraud and breach of contract that were alleged in their previously dismissed answer to BOA's complaint. Moreover, the Lands did not submit a proposed amended answer. "Where the party seeking to amend does not attach a proposed amended pleading to its motion or otherwise specify the new allegations that it would include, a trial court has no basis on which to consider whether the amendment would cure the defects in the current pleading," which is always a "primary" factor to consider. *Hytel Group, Inc. v. Butler*, 405 Ill. App. 3d 113, 128 (2010). Although the circuit court struck the Lands' response to BOA's motion for summary judgment, the Lands were allowed to file their supporting affidavit, and the court entertained arguments on the underlying claims before rejecting them. The court thus considered the ultimate efficacy of the claims, notwithstanding their untimeliness and the Lands' previous opportunities to assert them. We thus agree with BOA's assertion that the circuit court "reviewed everything necessary" before determining that BOA was entitled to judgment as a matter of law. We further agree that the circuit court did not abuse its discretion with respect to the Lands' last-minute pleadings and that there was no resulting prejudice. See *Morse/Diesel, Inc.*, 257 Ill. App. 3d at 452-56 (concluding that the circuit court did not abuse its discretion in denying plaintiff's requests to file untimely response to defendant's motion for summary judgment where plaintiff was permitted to present oral arguments at the hearing on defendant's motion and the court's decision was not "unfair or unjust" under the circumstances); *Holtzman*, 248 Ill. App. 3d at 111, 113 (concluding that the circuit court did not abuse its discretion in denying defendants' untimely request for leave to file amended defenses and counterclaim where the court "considered the ultimate efficacy of defendants' claims and found that the tendered affirmative defenses did not advance a cognizable legal theory which would abate the foreclosure").

¶ 25                                                    Attorney Fees

¶ 26   The Lands lastly argue that the circuit court improperly awarded BOA attorney fees and

costs. BOA counters that the Lands' "argument about attorney fees was not raised at the trial court level" and should thus be "disregarded." BOA further maintains that the argument is without merit.

¶ 27      In its complaint for foreclosure, BOA's request for relief included attorney fees and costs, "if sought." In its motion for summary judgment, BOA specifically requested that the circuit court enter a judgment for foreclosure and sale. At the conclusion of the hearing on BOA's motion for summary judgment, BOA's attorney tendered a draft order that the circuit court adopted and entered as its written judgment order for foreclosure and sale. BOA's attorney also submitted a certificate of prove-up of attorney fees and costs, which listed itemized expenses totaling $3,654. In its written judgment order, the circuit court referenced the certificate of prove-up and granted BOA the requested award. The court's order noted that pursuant to the terms of the Lands' mortgage agreement, BOA was entitled to both attorney fees and foreclosure costs. The judgment order for foreclosure and sale was filed the same day as the hearing. As indicated, the Lands challenge the circuit court's judgment awarding BOA attorney fees and costs for the first time on appeal. They do not contest that BOA was entitled to recover its attorney fees and costs, however, nor do they claim that the fees were unreasonable.

¶ 28      To preserve an alleged error for purposes of appellate review, a party must raise an objection in the circuit court, or the issue is deemed waived on appeal. *LaSalle Bank, N.A. v. C/HCA Development Corp.*, 384 Ill. App. 3d 806, 826 (2008). The Lands assert that their failure to object to the attorney fees award in the present case should be excused, however, because they were not served with proper notice that the award was being sought and granted. In support of their argument, the Lands cite First Judicial Circuit Court Rule 1.12, which states as follows:

> "**Preparation of Judgments and Orders**
>
> Unless the court directs otherwise, whenever a written order or judgment is required, the attorney for the prevailing party shall promptly prepare and present a draft to the court, with proof of service on opposing counsel. The draft tendered may be entered forthwith unless objection is made within five working days after service of the draft." 1st Judicial Cir. Ct. R. 1.12 (Sept. 1, 2010).

¶ 29      Relatedly, Illinois Supreme Court Rule 272, which was adopted to resolve issues regarding the timeliness of an appeal by removing "any doubt" as to the date that a final judgment was entered (*Stoermer v. Edgar*, 104 Ill. 2d 287, 293 (1984)), states, in pertinent part:

> "If at the time of announcing final judgment the judge requires the submission of a form of written judgment to be signed by the judge or if a circuit court rule requires the prevailing party to submit a draft order, the clerk shall make a notation to that effect and the judgment becomes final only when the signed judgment is filed." Ill. S. Ct. R. 272 (eff. Nov. 1, 1990).

¶ 30      Here, the record indicates that BOA's attorney submitted her certificate of prove-up along with BOA's draft order of the judgment for foreclosure and sale in open court at the conclusion of the hearing on BOA's motion for summary judgment. On appeal, BOA does

not dispute that the Lands were not personally served with copies of these documents prior to their filing. Noting that circuit court rule 1.12 requires proof of service "[u]nless the court directs otherwise" (1st Judicial Cir. Ct. R. 1.12 (Sept. 1, 2010)), however, BOA argues that the circuit court "directed a procedure other than the one contemplated by the local rule." We agree, and we note that the rule's directive that the prevailing party "promptly prepare and present a draft to the court" seemingly envisions a period of time that is nonexistent where a draft is tendered *instanter*, as was done in the present case. See *Morgan v. Department of Financial & Professional Regulation*, 388 Ill. App. 3d 633, 673 (2009) (noting that the word "promptly" has "been defined as 'without appreciable delay' " (quoting *Barry v. Barchi*, 443 U.S. 55, 66 (1979)) and that " '[t]o do something "promptly" is to do it without delay and with reasonable speed' " (quoting Black's Law Dictionary 1214 (6th ed. 1990))); *In re Estate of Davison*, 21 Ill. App. 3d 1043, 1044 (1974) (noting that the word "*instanter*" means " 'at once, or immediately' " (quoting *Hamilton v. People*, 163 Ill. App. 541, 544 (1911))). We thus agree with BOA's intimation that the Lands are unable to establish that circuit court rule 1.12 was violated in the present case.

¶ 31    "Courts in Illinois have held that a party waives his right to a hearing on attorney fees where he did not request a hearing before the trial court and is thereby left with the judge's ruling on the basis of the fee petition and affidavits alone." *In re Marriage of Jones*, 187 Ill. App. 3d 206, 231 (1989). Here, in light of their mortgage agreement and BOA's complaint for foreclosure, the Lands were on notice that the circuit court might award BOA attorney fees and costs as part of its final judgment, but they did not object. That alone supports a finding that the Lands' instant objection has been waived. See *Coldwell Banker Havens, Inc. v. Renfro*, 288 Ill. App. 3d 442, 448 (1997) (holding that where defendants requested attorney fees in their counterclaim's prayer for relief and plaintiff did not object to the request, plaintiff waived objection for purposes of appeal). The Lands were further aware that pursuant to Supreme Court Rule 272, they could not perfect an appeal until the circuit court's written judgment for foreclosure and sale was signed and filed. See Ill. S. Ct. R. 272 (eff. Nov. 1, 1990). Lastly, as BOA observes, the Lands knew that by local rule, they had five days to review and challenge the judgment order while the circuit court still retained jurisdiction over the matter. See 1st Judicial Cir. Ct. R. 1.12 (Sept. 1, 2010). The Lands complain because they were not personally served with the judgment order, but it was presented in their presence in open court and was filed without objection. Under the circumstances, we conclude that at the very least, the Lands had constructive notice of the order's contents (see *La Salle National Bank v. Dubin Residential Communities Corp.*, 337 Ill. App. 3d 345, 352 (2003) ("Constructive notice is defined as '[n]otice arising by presumption of law from the existence of facts and circumstances that a party had a duty to take notice of ***; notice presumed by law to have been acquired by a person and thus imputed to that person.' " (quoting Black's Law Dictionary 1088 (7th ed. 1999)))), and we infer that the Lands waived their right to challenge BOA's claimed attorney fees (see *Hahn v. A.G. Becker Paribas, Inc.*, 164 Ill. App. 3d 660, 670 (1987) ("When a party intentionally relinquishes a known right, either expressly, as by objection, or by conduct such as silence, inconsistent with an intent to enforce that right, waiver may be inferred."); see also *Corporation of Harpers Ferry v. Taylor*, 711 S.E.2d 571, 575 (W. Va. 2011) (" 'Even though

a party against whom costs and attorney's fees are to be assessed has a due process right to notice and an opportunity to be heard thereon prior to their imposition, it is imperative for a party to actively enforce his/her notice and hearing rights instead of sitting on his/her laurels and effectively waiving the process to which he/she is due.' " (quoting *In re John T.*, 695 S.E.2d 868, 878 (W. Va. 2010) (Davis, C.J., concurring)))).

¶ 32     The circuit court "has broad discretionary powers in awarding attorney fees and its decision will not be reversed on appeal unless the court abused its discretion." *In re Estate of Callahan*, 144 Ill. 2d 32, 43-44 (1991). Here, the Lands have waived their objection to the circuit court's judgment awarding BOA attorney fees and costs, and the court did not otherwise abuse its discretion in determining that BOA was entitled to the same. See *Sterling Homes, Ltd. v. Raspberry*, 325 Ill. App. 3d 703, 708 (2001) (circuit court properly awarded attorney fees on submitted affidavit where the fees were reasonable and warranted).

¶ 33                                            CONCLUSION

¶ 34     For the foregoing reasons, the judgment of the circuit court of Johnson County is hereby affirmed.

¶ 35     Affirmed.