# Illinois Official Reports

## Appellate Court

<div style="border:1px solid black; padding:1em;">

### *US Bank, National Ass'n v. Avdic*, 2014 IL App (1st) 121759

</div>

| | |
|---|---|
| Appellate Court Caption | US BANK, NATIONAL ASSOCIATION, Plaintiff-Appellee, v. ASIM AVDIC, Defendant-Appellant (Hidajeta Avdic; Bank of America, N.A., Successor by Merger to LaSalle Bank, N.A.; United Survey Service, LLC; Unknown Owners and Nonrecord Claimants, Defendants). |
| District & No. | First District, Fifth Division<br>Docket No. 1-12-1759 |
| Filed | May 2, 2014 |
| Held<br>(*Note: This syllabus constitutes no part of the opinion of the court but has been prepared by the Reporter of Decisions for the convenience of the reader.*) | The trial court's orders in a residential mortgage foreclosure action granting the mortgagee summary judgment, denying the mortgagor's motion to strike the mortgagee's affidavit supporting the entry of summary judgment and his motion to reconsider and confirming the judicial sale of the property were affirmed, where the mortgagee's case was established by the evidence and the mortgagor did not present any competing affidavit or evidence, the mortgagor's denials and claim of insufficient knowledge did not raise a material issue of fact, and the mortgagee complied with section 15-1504(a) of the Mortgage Foreclosure Law by setting forth the required information in its complaint. |
| Decision Under Review | Appeal from the Circuit Court of Cook County, No. 10-CH-283362; the Hon. Darryl B. Simko, Judge, presiding. |
| Judgment | Affirmed. |

Counsel on Appeal

Law Offices of Andjelko Galic, of Chicago (Andjelko Galic, of counsel), for appellant.

Codilis & Associates, P.C., of Chicago (Louis Manetti, Jr., and Margaret Manetti, of counsel), for appellee.

Panel

JUSTICE PALMER delivered the judgment of the court, with opinion.
Presiding Justice Gordon and Justice Taylor concurred in the judgment and opinion.

**OPINION**

¶ 1    In this mortgage foreclosure action, defendant, Asim Avdic, appeals following the circuit court of Cook County's entry of an order approving the sale of his property. Avdic challenges the court's orders granting summary judgment for plaintiff, US Bank, N.A., denying his motion to strike US Bank's affidavit, denying his motion to reconsider, and approving the sale of the property.

¶ 2                                            I. BACKGROUND

¶ 3    On July 1, 2010, US Bank filed a foreclosure complaint against Asim Avdic, Hidajeta Avdic,[1] Bank of America, N.A., and United Survey Service, LLC,[2] regarding the mortgage and note executed by Asim and Hidajeta Avdic for property located at 3707 W. North Shore Avenue in Lincolnwood, Illinois. The complaint alleged that US Bank was the mortgagee pursuant to section 15-1208 of the Illinois Mortgage Foreclosure Law (Foreclosure Law) (735 ILCS 5/15-1208 (West 2010)). The complaint also alleged that Asim and Hidajeta Avdic, as mortgagors, executed a mortgage in the amount of $417,000 on February 22, 2008, and the mortgage was recorded on April 15, 2008, in Cook County. Further, the original mortgagee was Mortgage Electronic Registration Systems, Inc. (MERS), "as Nominee for LaSalle Bank

---

[1]We note that the notice of appeal was signed by attorney Andjelko Galic on behalf of only Asim Avdic. The notice of appeal must contain the signature of each appellant or appellant's attorney. Ill. S. Ct. R. 303(b) (eff. June 4, 2008). See also *People v. Krueger*, 146 Ill. App. 3d 530, 533 (1986). Because Hidajeta Avdic did not sign the notice of appeal and her name was not listed as one of the defendants who was appealing, we consider this appeal to have been taken only by Asim Avdic.

[2]The complaint indicated that Bank of America was a successor by merger to LaSalle Bank, "by virtue of a Mortgage executed by Asim Avdic, dated 03/14/2008, *** to secure a note in the principal sum of $250,000." United Survey Service had a $1,300 mechanic's lien filed against Asim Avdic and the real estate on June 15, 2009.

N.A." The complaint alleged that defendants had not paid the monthly installments of principal, interest, taxes, and insurance from September 2009 through the time of filing the complaint, and the principal balance was $409,821.19 at that time.

¶ 4 US Bank attached a copy of the mortgage and note to the complaint. The mortgage was dated February 22, 2008, and provided that MERS was the beneficiary, LaSalle Bank was the lender, and Asim Avdic was the borrower. It was signed by both Asim and Hidajeta Avdic, and it was also notarized. The accompanying note was for the amount of $417,000, with an interest rate of 6.125% and monthly payments of $2,533.74. The first payment was due on April 1, 2008. It was signed by Asim Avdic. The note was also endorsed "PAY TO THE ORDER OF US Bank NA WITHOUT RECOURSE" and signed by officers of LaSalle Bank and US Bank.

¶ 5 On July 21, 2010, Asim and Hidajeta Avdic filed a verified answer to the complaint and entered an appearance as *pro se* defendants. They admitted to nearly all the paragraphs in the complaint. In relevant part, they admitted that: February 22, 2008, was the date of the mortgage; that Asim and Hidajeta Avdic were the mortgagors; MERS was the original mortgagee; the mortgage was recorded on April 15, 2008; the original amount of the mortgage was $417,000; Asim Avdic was the owner of the property and executed the note; and US Bank brought the foreclosure action as the mortgagee under section 15-1208 of the Foreclosure Law. The only paragraph to which the Avdics responded that they had insufficient information to admit or deny was paragraph 3(J), which provided, "Mortgagors have not paid the monthly installments of principal, taxes, interest and insurance for 09/01/2009, through the present; the principal balance due of the Note and the Mortgage is $409,821.19, plus interest, costs, advances and fees. Interest accrues pursuant to the note." Thereafter, attorney Andjelko Galic filed a notice of substitute appearance on October 12, 2010.

¶ 6 The record reflects that US Bank subsequently moved for summary judgment and for entry of judgment of foreclosure on two or three occasions in late 2010 and early 2011, but the motions were either withdrawn without prejudice or never proceeded upon. The motion for summary judgment filed in November 2010 included the affidavit of Maria Lawrence, who indicated that she was assistant vice president of US Bank.

¶ 7 On August 31, 2011, US Bank again moved for summary judgment and for entry of an order of default and judgment of foreclosure and sale. US Bank argued that summary judgment was appropriate because, pursuant to section 2-1005 of the Code of Civil Procedure (735 ILCS 5/2-1005 (West 2010)), defendants failed to establish that any genuine issue of material fact existed and failed to submit a counteraffidavit. In support of its motion, US Bank attached the signed and notarized affidavit of Rebecca Armstrong, who averred that she had "personal knowledge of the facts stated herein." Attached to the affidavit were copies of the mortgage, note, and several computer printouts containing the payment history of the mortgage. In summary, Armstrong averred that she had been employed by US Bank since 2002 and her duties included reviewing and analyzing US Bank's business and loan records, which included computer-generated payment histories and copies of origination documents. Armstrong also averred that she was familiar with, had been trained on, and was qualified to use the computer software system that maintained the records. She averred that she had reviewed the business records and loan file for Avdic's loan, that the monthly payment was due for September 1, 2009, and each month thereafter, and that US Bank elected to declare the entire balance due, and thus, the total amount due through July 25, 2011, was $478,460.87, which included the

principal balance of $409,821.19, accrued interest of $49,761.91, late charges, and other expenses incurred by US Bank.

¶ 8　　On September 26, 2011, the circuit court entered an order granting US Bank's motion for summary judgment and for a judgment of foreclosure and sale pursuant to section 15-1506 (735 ILCS 5/15-1506 (West 2010)), and also entered an order of default against Bank of America and United Survey Service for failing to appear or plead and an order dismissing the "unknown owners and nonrecord claimants" as defendants. However, later on that same day, the court entered an order vacating all of these orders "pursuant to the agreement of the parties."[3] The court entered an order setting a briefing schedule and hearing date for US Bank's motions. The response to the motion was due October 24, 2011, the reply was due November 7, 2011, and the hearing was set for November 22, 2011.

¶ 9　　On October 24, 2011, Avdic filed a motion to strike Armstrong's affidavit on grounds that it did not comply with Illinois Supreme Court Rule 191 (eff. Jan. 4, 2013). Avdic argued that Armstrong did not have sufficient personal knowledge of his file, she did not work with his file on a regular basis or before litigation arose, she did not know about the storage and retrieval methods used by US Bank in maintaining and processing records, and she did not personally receive or observe the receipt of the payments or have personal knowledge of how they were applied. Avdic asserted that the authenticity of the attached records could not be determined, Armstrong failed to explain the computer software program that was used to generate the payment history or provide the name of the software program, and she failed to show how she arrived at the amounts due. Avdic also argued that the amount that Armstrong averred was paid into escrow ($0) was incorrect, as the attached payment history showed a balance of $5,582 in escrow in October 2008. Avdic contended that the attached records were incomplete and were not sworn or certified copies of all documents used to prepare the affidavit, and they were thus hearsay without proper foundation.

¶ 10　　On November 22, 2011, the circuit court entered an order resetting the due date for US Bank's reply and rescheduling the date of the hearing on the motions. The order also indicated that "the parties agreeing that defendant's motion to strike is deemed a response & plaintiff shall reply to said motion."

¶ 11　　In US Bank's December 2, 2011, reply, it asserted that pursuant to sections 15-1107(a) and 15-1506(a)(2) (735 ILCS 5/15-1107(a), 15-1506(a)(2) (West 2010)), the court should enter a judgment of foreclosure because its motion was supported by Armstrong's affidavit stating the amount due on the mortgage. It argued that it was entitled to summary judgment under the Foreclosure Law, and to the extent it was inconsistent with Illinois Supreme Court Rule 191, the Foreclosure Law prevailed. Further, because Avdic failed to submit a counteraffidavit or offer other evidence to rebut the accuracy of the amount due set forth in Armstrong's affidavit, Armstrong's affidavit must be taken as true. US Bank asserted that the attached documents were admissible as business records and therefore the affiant's personal knowledge was irrelevant. US Bank argued that the affidavit complied with both Rule 191 and Illinois Supreme Court Rule 236 (eff. Aug. 1, 1992).

---

[3]According to US Bank, after the circuit court initially granted its motions for summary judgment and judgment of foreclosure and sale, defense counsel Galic appeared later that afternoon and the court vacated its orders and set a briefing schedule.

¶ 12    On December 15, 2011, the circuit court granted US Bank's motion for summary judgment and denied Avdic's motion to strike the affidavit. It also held that Avdic's notice of deposition of Armstrong was "rendered moot."[4] Its order indicated that oral arguments were heard regarding the motions. In the separate order granting summary judgment, the court held that Avdic's answer "as pleaded without sufficient supporting documentation, does not raise a genuine issue of material fact sufficient to preclude the entry of Summary Judgment in favor of Plaintiff." The court entered a judgment of foreclosure and sale pursuant to section 15-1506 (735 ILCS 5/15-1506 (West 2010)), which provided that the total amount due, including principal, accrued interest, advances, litigation costs, and attorney fees, was $490,888.98. The order set the redemption period to expire on March 16, 2012, and provided that the sale of the property was to occur pursuant to section 15-1507 (735 ILCS 5/15-1507 (West 2010)). The court also entered an order of default against Bank of America and United Survey Service.

¶ 13    On January 17, 2012, Avdic moved for reconsideration of the December 15, 2011, orders. Avdic reiterated his arguments regarding the deficiencies in the Armstrong affidavit and argued that it violated the best evidence rule, hearsay rule, and business records rule. He argued that the assertions were conclusory and contradicted the attached documents, and the documents were incomplete and not certified. Avdic also argued that he should have been given an opportunity to respond to the motion for summary judgment after the court denied his motion to strike, and contended that it was error to grant summary judgment before allowing him to take the deposition of Armstrong. Further, Avdic asserted that no assignment of mortgage from LaSalle Bank or MERS was attached to the complaint, and MERS should have been made a defendant. The circuit court denied his motion to reconsider on February 24, 2012.

¶ 14    On April 6, 2012, US Bank moved the court to approve the sale, which occurred at a public auction on March 19, 2012. US Bank purchased the property for $510,797.74. The circuit court entered an order approving the sale on May 14, 2012, and held that all required notices under section 15-1507(c) (735 ILCS 5/15-1507(c) (West 2010)) were properly given, and the sale was fair and properly made, and ordered that US Bank was entitled to possession within 30 days of the order.

¶ 15    On June 12, 2012, Avdic filed a notice of appeal pursuant to Illinois Supreme Court Rule 303 (eff. May 30, 2008).[5] In the notice of appeal, Avdic stated that he was appealing the May 14, 2012, order approving the sale and granting possession to US Bank; the February 24, 2012, order denying his motion to reconsider; and the December 15, 2011, order denying his motion to strike Armstrong's affidavit and granting US Bank's motion to summary judgment.

¶ 16    We note that, on appeal, defendant has not provided any transcripts or report of proceedings from any hearings before the circuit court, although the record suggests that oral arguments were heard on the motion for summary judgment and motion for reconsideration. It

---

[4]In our review of the lower court file, we did not find a request for or notice of deposition for Armstrong. Nevertheless, both parties indicate that Avdic submitted a notice of Armstrong's deposition when he filed his motion to strike the affidavit.

[5]The circuit court's order confirming the foreclosure sale, and not the judgment of foreclosure, constitutes the final and appealable order in foreclosure actions. *EMC Mortgage Corp. v. Kemp*, 2012 IL 113419, ¶ 11; *JP Morgan Chase Bank v. Fankhauser*, 383 Ill. App. 3d 254, 260 (2008).

- 5 -

is the appellant's duty to provide on appeal a sufficiently complete record of the lower court proceedings to support his claims of error. *Midstate Siding & Window Co. v. Rogers*, 204 Ill. 2d 314, 319 (2003). "[I]n the absence of such a record on appeal, the reviewing court will presume that the order entered by the trial court was in conformity with the law and had a sufficient factual basis [citations]. The court will resolve any doubts arising from the incompleteness of the record against the appellant." *Id.*

## II. ANALYSIS

We review *de novo* the circuit court's decision to grant a motion for summary judgment. *Outboard Marine Corp. v. Liberty Mutual Insurance Co.*, 154 Ill. 2d 90, 102 (1992). In general, this court reviews a circuit court's decision on a motion to strike an affidavit for an abuse of discretion, but when the motion "was made in conjunction with the court's ruling on a motion for summary judgment," we employ a *de novo* standard of review with respect to the motion to strike. *Jackson v. Graham*, 323 Ill. App. 3d 766, 773 (2001). A circuit court's decision to confirm the judicial sale of property is reviewed for an abuse of discretion. *Household Bank, FSB v. Lewis*, 229 Ill. 2d 173, 178 (2008). The circuit court abuses its discretion if it committed an error of law or where no reasonable person would take the view adopted by the court. *CitiMortgage, Inc. v. Johnson*, 2013 IL App (2d) 120719, ¶ 18; *McClandon v. Rosewell*, 299 Ill. App. 3d 563, 567 (1998). In reviewing the circuit court's decisions on appeal, we observe that "this court reviews the judgment, not the reasoning, of the trial court, and we may affirm on any grounds in the record, regardless of whether the trial court relied on those grounds or whether the trial court's reasoning was correct." *Coghlan v. Beck*, 2013 IL App (1st) 120891, ¶ 24.

On appeal, Avdic contends that the trial court erred in granting summary judgment for US Bank and denying his motion to strike because triable issues of fact existed and there were multiple defects in Armstrong's affidavit and the exhibits attached to it. Similar to his arguments in the circuit court, he contends that the affidavit contained "boilerplate" conclusory statements about which Armstrong had no personal knowledge, the exhibits were incomplete and not sworn or certified, the exhibits could not be admitted into evidence as business records because US Bank failed to provide the proper foundation or authentication, the affidavit contained conflicting information from the exhibits, Armstrong failed to explain how she arrived at the amounts due, and she failed to provide the name of the computer software program used.

In response, US Bank maintains that it was entitled summary judgment because Avdic's answer admitted all allegations of the complaint except the amount due and owing, and defendant submitted no evidence or counteraffidavit to create an issue of material fact or otherwise contest the allegations and evidence presented by US Bank. Further, US Bank asserts that Armstrong's affidavit complied with Rule 191, and in any case, the attached documents were admissible as business records pursuant to Rule 236 and Illinois Rule of Evidence 803(6) (eff. Jan. 1, 2011).

"Summary judgment is appropriate where the pleadings, affidavits, depositions, and admissions on file, when viewed in the light most favorable to the nonmoving party, demonstrate that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." *West Bend Mutual Insurance v. Norton*, 406 Ill. App. 3d 741, 744 (2010). "The form of affidavits used in connection with motions for summary judgment is

governed by Supreme Court Rule 191 ***." *Harris Bank Hinsdale, N.A. v. Caliendo*, 235 Ill. App. 3d 1013, 1025 (1992). Rule 191 provides in relevant part:

> "Affidavits in support of *** a motion for summary judgment under section 2-1005 of the Code of Civil Procedure *** shall be made on the personal knowledge of the affiants; shall set forth with particularity the facts upon which the claim, counterclaim, or defense is based; shall have attached thereto sworn or certified copies of all documents upon which the affiant relies; shall not consist of conclusions but of facts admissible in evidence; and shall affirmatively show that the affiant, if sworn as a witness, can testify competently thereto." Ill. S. Ct. R. 191(a) (eff. Jan. 4, 2013).

¶ 22 Accordingly, a Rule 191(a) affidavit must not contain mere conclusions and must include the facts upon which the affiant relied. *Landeros v. Equity Property & Development*, 321 Ill. App. 3d 57, 63 (2001). "[T]he affidavit is actually a substitute for testimony taken in open court and should meet the same requisites as competent testimony." *Harris Bank Hinsdale*, 235 Ill. App. 3d at 1025. The circuit court may not consider "evidence that would be inadmissible at trial" when assessing a motion for summary judgment. *Id.* " 'If, from the document as a whole, it appears that the affidavit is based upon the personal knowledge of the affiant and there is a reasonable inference that the affiant could competently testify to its contents at trial, Rule 191 is satisfied.' " *Doria v. Village of Downers Grove*, 397 Ill. App. 3d 752, 756 (2009) (quoting *Kugler v. Southmark Realty Partners III*, 309 Ill. App. 3d 790, 795 (1999)). "[W]hen only portions of an affidavit are improper under Rule 191(a), a trial court should only strike the improper portions of the affidavit." *Roe v. Jewish Children's Bureau of Chicago*, 339 Ill. App. 3d 119, 128 (2003).

¶ 23 In addition, to admit business records into evidence as an exception to the general rule excluding hearsay, the proponent must lay a proper foundation by showing that the records were "made (1) in the regular course of business, and (2) at or near the time of the event or occurrence." *Gulino v. Economy Fire & Casualty Co.*, 2012 IL App (1st) 102429, ¶ 27; Ill. S. Ct. R. 236(a) (eff. Aug. 1, 1992). Similarly, Illinois Rule of Evidence 803(6) (eff. Jan. 1, 2011) provides for the admission of "records of regularly conducted activity" where the records consist of:

> "A memorandum, report, record, or data compilation, in any form, of acts [or] events *** made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record or data compilation, all as shown by the testimony of the custodian or other qualified witness ***."

¶ 24 "The theory upon which entries made in the regular course of business are admissible as an exception to the hearsay rule is that 'since their purpose is to aid in the proper transaction of the business and they are useless for that purpose unless accurate, the motive for following a routine of accuracy is great and the motive to falsify nonexistent.' " *Kimble v. Earle M. Jorgenson Co.*, 358 Ill. App. 3d 400, 414 (2005) (quoting Michael H. Graham, Cleary and Graham's Handbook of Illinois Evidence § 803.10, at 817 (7th ed. 1999)).

¶ 25 Where computer-generated records are involved, the proponent must show that "the equipment which produced the record is recognized as standard, the entries were made in the regular course of business at or reasonably near the happening of the event recorded and the sources of information, method and time of preparation were such as to indicate their

trustworthiness and to justify their admission." *Riley v. Jones Brothers Construction Co.*, 198 Ill. App. 3d 822, 829 (1990). The determination that records are admissible as business records rests within the sound discretion of the circuit court. *In re Estate of Weiland*, 338 Ill. App. 3d 585, 600 (2003).

¶ 26 Turning to the present case, we find that Armstrong's affidavit contained sufficient factual detail to satisfy the requirements of Rule 191. Her affidavit set forth averments regarding the fact that she had been an employee of US Bank since 2002, and her duties included "reviewing and analyzing the business and loan records for loans that [US Bank] services. I am familiar with [US Bank's] books and records including records concerning loans [US Bank] services." She further averred that US Bank maintained records and a file for each of the loans its services, which included "a loan payment history, computer generated records, [and] copies of origination documents." In particular, she averred that she "reviewed and [is] familiar with the business records and the loan file for" Avdic's loan. She further averred that she had "personal knowledge that it is now, and was on the date of the entries, the regular course of business of [US Bank] that the entries on the Payment Histories are made at or near the time of the occurrence and made in the ordinary course of business. Said records are not made in anticipation of litigation."

¶ 27 In particular, Armstrong averred that she reviewed the business records and loan file for the loan at issue in this case. The mortgage, note, and payment histories upon which she relied were attached to the affidavit. Armstrong averred that according to the attached documents, the loan was due for the September 1, 2009, monthly payment and each monthly payment thereafter, and US Bank had elected to claim the entire balance due. After establishing this basis for her knowledge of the loan at issue, Armstrong described the specific amounts owed by Avdic under the note, including principal balance, accrued interest, late charges, and other expenses incurred by US Bank such as taxes and insurance costs, which totaled $478,460.87 as of July 25, 2011. These statements clearly constituted facts based on Armstrong's personal knowledge, and not mere conclusions. Moreover, Armstrong swore in her affidavit that the attached documents were "true and correct," that is, they were what they purported to be. Armstrong signed the affidavit and swore "under penalties as provided by law pursuant to section 1-109 of the Code of Civil Procedure [(735 ILCS 5/1-109 (West 2010))], certifie[d] that the statement[s] set forth in this instrument are true and correct." The affidavit was also notarized. Although Avdic contends that every document relied on should have been attached to the affidavit, it does not appear that Armstrong refers in her affidavit to any extraneous documents that were not also attached to her affidavit.

¶ 28 Contrary to Avdic's contention, we disagree that the affidavit in the present case is similar to the affidavit in *Landeros*, where this court found that the plaintiffs' affidavit did not comply with Rule 191 because the affiant, a security expert, merely offered his conclusion about whether the security at a shopping mall met the standard of care without providing any facts upon which he relied in reaching his conclusion. *Landeros*, 321 Ill. App. 3d at 62-63. As explained, Armstrong's affidavit did not consist of mere conclusions.

¶ 29 In addition, Armstrong's affidavit established that the attached payment histories were made in the regular course of US Bank's business and the entries were made at or near the time of the payments. She further averred that the computer software program used had been in place for the life of the payment histories, was accounting software "customarily used in the banking industry," was "periodically checked for reliability," and could only be accessed by

trained personnel who had authority to do so. As stated, she averred that, based on her personal knowledge, it was US Bank's regular course of business to make the entries on the payment histories at or near the time of occurrence. Thus, contrary to Avdic's contention, Armstrong explained how the attached payment histories were generated. There is no requirement that she be familiar with the record before litigation arose or have personally made the entries into the computer system. Notably, lack of personal knowledge by the maker may affect the weight afforded the evidence, but not its admissibility. *In re Estate of Weiland*, 338 Ill. App. 3d at 601. Under Rule 236, "it is the business record itself, not the testimony of a witness who makes reference to the record, which is admissible." *Cole Taylor Bank v. Corrigan*, 230 Ill. App. 3d 122, 130 (1992).

¶ 30    Armstrong's statements also established that the computer software system was customarily used in the business, was used for the life of the loan at issue, and was regularly tested for reliability. *Riley*, 198 Ill. App. 3d at 829. Accordingly, the factual averments in Armstrong's affidavit satisfied the foundational requirements for admission of the records and demonstrated that they were trustworthy and reliable. As such, they were properly admissible as business records. *Gulino*, 2012 IL App (1st) 102429, ¶ 27. See *Bank of America, N.A. v. Land*, 2013 IL App (5th) 120283, ¶ 14 (finding that the affidavit by the assistant vice president of the bank regarding the records of all payments made and the amount due on the loan was admissible under Rule 236 and sufficient to support bank's motion for summary judgment).

¶ 31    We note that Avdic agreed in the circuit court that his motion to strike would suffice as his answer to the motion for summary judgment. Also, Avdic failed to file a counteraffidavit or present any evidence to contradict the allegations in US Bank's complaint and motion for summary judgment. "[F]acts contained in an affidavit in support of a motion for summary judgment which are not contradicted by counteraffidavit are admitted and must be taken as true for purposes of the motion." *Purtill v. Hess*, 111 Ill. 2d 229, 241 (1986).

> "Denials in a defendant's answer do not create a material issue of genuine fact to prevent summary judgment. [Citation.] When a party moves for summary judgment files supporting affidavits containing well-pleaded facts, and the party opposing the motion files no counteraffidavits, the material facts set forth in the movant's affidavits stand as admitted. [Citation.] The opposing party may not stand on his or her pleadings in order to create a genuine issue of material fact." *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 49.

¶ 32    As stated, the affidavit of Armstrong conformed to Rule 191 and the business records related to the mortgage and note at issue were properly admissible. There was sufficient evidence to establish plaintiff's case, and there was no competing affidavit or evidence to contradict this evidence. We also agree with the trial court that defendant's denials in his affidavit and claim of insufficient knowledge regarding paragraph 3(J) of the complaint (alleging that the Avdics had not paid the monthly installments from September 1, 2009, through the present and the principal balance due on the note and mortgage was $409,821.19, in addition to interest, costs, advances, and fees) did not give rise to a material issue of fact. Notably, Avdic never denied that he did not make the payments that were due and owing. Accordingly, we conclude that the circuit court properly granted summary judgment for US Bank and denied Avdic's motion to strike Armstrong's affidavit.

¶ 33    In a related argument, Avdic contends that the affidavit contained conflicting information because Armstrong averred that US Bank was the "servicer" of the loan and referred to

servicing the loan on behalf of "plaintiff." Avdic maintains that the Federal Loan Mortgage Corporation should have been the party seeking foreclosure, and US Bank concealed the true nature of the actual owner of the note and mortgage.

¶ 34 To the extent that Avdic's argument challenges US Bank's standing to bring the foreclosure action, we find that this argument has been waived. A plaintiff is not required to allege facts establishing standing; rather, the burden rests with the defendant to plead and prove lack of standing. *Burnette v. Stroger*, 389 Ill. App. 3d 321, 331 (2009). Alleging lack of standing is an affirmative defense in a civil case, which a defendant waives "if not raised in a timely fashion in the trial court." *Greer v. Illinois Housing Development Authority*, 122 Ill. 2d 462, 508 (1988). Moreover, "[t]heories not raised during summary judgment proceedings are waived on review." *Village of Arlington Heights v. Anderson*, 2011 IL App (1st) 110748, ¶ 15. Accordingly, Avdic waived this argument because he did not raise it until his motion to reconsider the circuit court's ruling on US Bank's motion to summary judgment and his motion to strike.

¶ 35 Nevertheless, the record supports that US Bank has standing. "A foreclosure complaint is deemed sufficient if it contains the statements and requests called for by the form set forth in section 15-1504(a) of the Mortgage Foreclosure Law (735 ILCS 5/15-1504(a) (West 2008))." *Standard Bank & Trust Co. v. Madonia*, 2011 IL App (1st) 103516, ¶ 20. A foreclosure action may be pursued by "the legal holder of the indebtedness, a pledgee, an agent, or a trustee," and "[a] plaintiff can maintain a lawsuit although the beneficial ownership of the note is in another person." *Mortgage Electronic Registration Systems, Inc. v. Barnes*, 406 Ill. App. 3d 1, 7 (2010). A "mortgagee" is defined as "(i) the holder of an indebtedness or obligee of a non-monetary obligation secured by a mortgage or any person designated or authorized to act on behalf of such holder and (ii) any person claiming through a mortgagee as successor." 735 ILCS 5/15-1208 (West 2010).

¶ 36 US Bank pled that it was the mortgagee and also attached the note and mortgage. The note provided that the original lender was LaSalle Bank, and that borrower "understand[s] that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this note is called the 'Note Holder.' " At the end of the note, there was an endorsement to US Bank, signed by officers of both LaSalle Bank and US Bank. The endorsement reads "PAY TO THE ORDER OF US Bank NA WITHOUT RECOURSE." The mortgage provided that the lender was LaSalle Bank, and that MERS was "acting solely as a nominee for Lender and Lender's successors and assigns." The mortgage also provided that the note and the mortgage could "be sold one or more times without prior notice to Borrower. A sale might result in a change in the entity (known as the 'Loan Servicer') that collects Periodic Payments due under the Note and this Security Instruction ***."

¶ 37 Based on the complaint and the attached note and mortgage, US Bank complied with section 15-1504(a) in its complaint and set forth the required information. *Madonia*, 2011 IL App (1st) 103516, ¶ 20; *Barnes*, 406 Ill. App. 3d at 6. US Bank established that, as the holder of the note, it was also the holder of the mortgage. "The assignment of a mortgage note carries with it an equitable assignment of the mortgage by which it was secured." *Federal National Mortgage Ass'n v. Kuipers*, 314 Ill. App. 3d 631, 635 (2000). As the legal holder of the indebtedness, US Bank was therefore entitled to file the foreclosure action. *Barnes*, 406 Ill. App. 3d at 7; 735 ILCS 5/15-1208, 15-1504(a) (West 2010). Moreover, "[t]he mere fact that a copy of the note is attached to the complaint is itself *prima facie* evidence that the plaintiff

owns the note." *Parkway Bank & Trust Co. v. Korzen*, 2013 IL App (1st) 130380, ¶ 24. US Bank's complaint was legally and factually sufficient and included allegations related to standing.

¶ 38 We additionally find that Avdic admitted that US Bank had the requisite standing to pursue the foreclosure action. In the answer to the complaint, the Avdics admitted to paragraph 3(N), wherein US Bank alleged that it brought the foreclosure action as a mortgagee pursuant to section 15-1208 of the Foreclosure Law. Contrary to Avdic's contention on appeal, their answer functioned as a judicial admission that US Bank had standing to bring the foreclosure complaint. See *Knauerhaze v. Nelson*, 361 Ill. App. 3d 538, 557 (2005) ("As a general rule, a statement of fact that has been admitted in a pleading is a judicial admission and is binding on the party making it.").

¶ 39 Avdic also contends on appeal that he was entitled to take the deposition of Armstrong. The circuit court held that his notice of deposition was moot. However, Avdic did not file a Rule 191(b) affidavit to explain why he needed Armstrong's deposition to oppose the motion for summary judgment and requesting that the court grant a continuance for the taking of the deposition. *Parkway Bank & Trust*, 2013 IL App (1st) 130380, ¶ 48; Ill. S. Ct. R. 191(b) (eff. Jan. 4, 2013). "Parties who fail to file Rule 191(b) affidavits cannot complain that the 'discovery process was insufficient or limited.' " *Parkway Bank & Trust*, 2013 IL App (1st) 130380, ¶ 48 (quoting *Kane v. Motorola, Inc.*, 335 Ill. App. 3d 214, 225 (2002)). Additionally, our finding that Avdic's pleadings, as well as his failure to file counteraffidavits during the motion practice, failed to give rise to any material issue of fact justifies the circuit court's refusal to grant his request for deposition. In light of this finding, the deposition request can only be viewed at best as a fishing expedition and at worst as a delaying tactic. We find no abuse of discretion in the circuit court's ruling regarding the notice of deposition. *Id.* ¶ 63.

¶ 40 We note that Avdic presented no argument in his opening brief regarding the circuit court's denial of his motion for reconsideration. As such, any contention regarding the circuit court's decision in that regard has been waived for appellate review. See Ill. S. Ct. R. 341(h)(7) (eff. Feb. 6, 2013) ("Points not argued are waived and shall not be raised in the reply brief, in oral argument, or on petition for rehearing.").

¶ 41                                        III. CONCLUSION
¶ 42 For the reasons stated above, we affirm the circuit court's orders granting US Bank's motion for summary judgment, denying Avdic's motion to strike the affidavit and motion to reconsider, and confirming the judicial sale of the property.

¶ 43 Affirmed.